Chief Judge Desmond (concurring).
I agree with Judge Burke except that, as to Riggs, I concur in the result only. Before Riggs can be held, there will, of course, have to be a trial on the question of the driver’s negligence. But Riggs is absolutely liable for any such negligence since his responsibility for the operation of this vehicle is fixed by law and is not open for dispute before a jury. I agree with so much of the dissenting opinion in the Appellate Division (8 A D 2d 502, 515) as says that the ICC regulations ‘ ‘ fix responsibility upon the common carrier for the operation of leased vehicles until the carrier has relinquished possession in accordance with the regulations and has caused its identifying insignia to be removed.” In other words, Riggs remained liable until the removal of its decal and the giving of the required receipt. I agree with the Appellate Division dissent that the ICC regulations imposed on Riggs under these circumstances the same absolute responsibility that the law of New York puts on a person in whose name an automobile is registered. Under our decisions construing New York law and policy, we do not leave it to a jury to decide whether the presence of the license on the car makes the registered licensee responsible. We estop that licensee from denying his ownership (Switzer v. Aldrich, 307 N. Y. 56; Phoenix Ins. Co. v. Guthiel, 2 N Y 2d 584). The IOC regulations were plainly intended to produce the same consequence and unless they are so construed and applied they cannot achieve their purpose of protecting the public on the highways.